Case 15-00801   Doc 25   Filed 05/10/16   Entered 05/11/16 10:04:17   Desc Main
Document   Page 1 of 4

15-00801:23.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 5/9/2016 3:49:33 PM by:Brandon Lefkowitz Page 1 of 4

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:

Varnell Anderson, Jr.

    Debtor

_____/

Chapter 7

Bankruptcy Case No. 15-24852

Adversary No. 15-00801

AmeriCash Loans, L.L.C. d/b/a First Rate Financial,

    Plaintiff,

v.

Varnell Anderson, Jr.

    Defendant.

_____/

## ~~AMENDED PLAINTIFF'S PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. The Parties
1. The Plaintiffs are Americash Loans, L.L.C. d/b/a First Rate Financial ("Plaintiff")
2. The Defendant is Varnell Anderson, Jr. ("Defendant")

### B. Factual Background
1. Defendant filed a Chapter 7 Bankruptcy on July 22, 2015 ("Petition Date"), seeking a discharge of all unsecured debt including without limitation, AmeriCash Loans, L.L.C. dba First Rate Financial Loan No.X2803 and Loan No. X8803, in which the loans were listed on Debtor's Schedule F.
2. On October 28, 2015, Plaintiff issued a Summons and Complaint pursuant to title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") seeking an exception to discharge for the amount of $1,552.41.
3. That on October 28, 2015, a copy of the summons and Complaint was served in accordance with Fed. R. Bank. P. 7004 via certified mail, postage prepaid to:
   a. Varnell Anderson, Jr., 946 E. 100th Place, Chicago, IL 60628.
4. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.
5. No evidence has been presented to challenge the validity of Plaintiff's claim.

6. No evidence has been presented to show that the Defendant did not lack the intent to repay the loan.
7. The debt is a cash advance aggregating more than $750.00 and is considered an open end credit plan.
8. Counsel for Plaintiff has again reviewed the Debtor's bankruptcy petition, statement and schedules, together with the account transaction history for purposes of this motion for default judgment. The loans were incurred 21 days and 41 days respectively prior to the filing of his Chapter 7 bankruptcy petition.
9. The Defendant did not make a single payment towards either of the loans.
10. On or about December 25, 2015 the Plaintiff filed a notice of Motion and motion for entry of default and notice of motion and motion for entry of default judgement after the Defendant had failed to file a timely response.

## CONCLUSIONS OF LAW

### A. Jurisdiction

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I)
2. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 (b).
3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### B. Argument

1. This action was initiated under 11 U.S.C. § 523(a)(2)(A), on July 22, 2015
2. Additionally the Plaintiff is seeking an exception to the discharge pursuant to § 523(a)(2)(c).
3. The Defendant scheduled the Plaintiff's claim in the amount of $1475.00.
4. The Bankruptcy Code refers to section 103 of the Truth in Lending Act in defining open end credit.
5. Pursuant to 11 U.S.C. § 523(a)(2)(C), a "presumption of fraud arises where luxury goods and services are purchased or cash advances are taken shortly before the filing of a bankruptcy case." *George*, 381 B.R. at 915.
6. The Bankruptcy Code does not define "false representation," "false pretenses," or "fraud." The law in each state contains definitions of these terms; however, the Supreme Court has decided that there will be a uniform standard throughout the country. Every jurisdiction must employ the Restatement 2d Torts (1976) §§525-549 (restatement) as the test for fraud. *Field v. Mans*, 516 U.S. 59, 116 S. Ct. 437, 133 L.Ed.2d 351 (1995) Under this standard the elements are:
    (1) That the debtor made false representations;
    (2) That the debtor made false representations;

(3) That the debtor know it was false;

(4) And intended to defraud or deceive;

(5) That the creditor justifiably relied on it; and

(6) That it caused the creditor proximate damage

*In re Eashai,* 87 D.3d 1082, 1086 (9th Cir. 1996)

7. To prove fraud by circumstantial evidence, the Court cite various circumstances which, taken together, indicate fraudulent intent. The factors include:

   a. The length of time between when the charges were made and the filing of the bankruptcy;

   b. Whether or not an attorney had been consulted concerning the filing of the bankruptcy case before the charges were made;

   c. The number of charges made;

   d. The amount of the charges;

   e. The financial conditions of the debtor at the time the charges were made;

   f. Whether the charges were above the credit limit of the account;

   g. Whether the debtor made multiple charges on the same day;

   h. Whether or not the debtor was employed;

   i. The debtor's prospects for employment;

   j. The financial sophistication of the debtor;

   k. Whether there was a sudden change in the debtor's buying habits; and

   l. Whether the purchases made were for luxuries or necessitated.

*In re Dougherty,* 84 B.R. 653, 657 (9th Cir. BAP 1988).

8. For a default judgment, it is appropriate for the creditor to present and for the Court to consider the circumstantial evidence existing and available to the Court providing insight into the Debtor's intent with respect to the application and use of the loans. The 5th Circuit states that "a debtor rarely will admit card-debt is incurred with the intention of not paying it; therefore the creditor may rely on circumstantial evidence to prove the debtor's state of mind at card use." *In Re: Mercer,* 246 F.3d 391 at 409, citing the 9th Circuit's similar holding *In Re: Hashemi,* 104 F.3d 1122 (9th Cir.1996). The implied intent to repay through card use representation "...*is false if there is use without the intent.*" *Mercer,* 246 F.3d 391

Case 15-00801 Doc 25 Filed 05/10/16 Entered 05/11/16 10:04:17 Desc Main Document Page 4 of 4

15-00801:23.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 5/9/2016 3:49:33 PM by:Brandon Lefkowitz Page 4 of 4

at 408; <u>Hashem</u> F.3d 1122 at 1126. Additionally, the Court noted that hopeless insolvency at the time of the charge on the credit card was a part of the analysis or *"one method of establishing"* the debtor's intent not to pay. <u>Mercer</u>, 246 F.3d 391 at 408.

The goal of the enumerated Dougherty factors is to determine the debtor's subjective intent while using the credit card, by circumstantial evidence. The restatement (2d) of Torts §531 and states that *"a resect is intended if the actor either acts with the desire to cause it or acts believing that there is a substantial certainty that the result will follow from his conduct."* Id §531, Comment.

9. Because the schedules that the Defendant filed with his petition for bankruptcy relief show that at the time that the Defendant applied for the loans in question, Defendant had a positive cash flow of only $63.58 and had no ability or means of paying the bi-weekly amount of $60.91 on Loan No. X2803 and $179.01 bi-weekly on Loan No. X8803; and because of the proximity of the time prior to seeking dischargeability that Defendant applied for the loans, 41 and 21 days respectfully; it is inferred that the Defendant defrauded the Plaintiff by accepting the funds without the intent to ever repay the same and therefore said loans are not dischargable.

10. In this case the Defendant filed its bankruptcy within 70 days of being issued the loan and because the loan is for greater than $750.00, this loan is not dischargable.

Dated: 5/10/16

Enter:

_____
United States Bankruptcy Judge

LEFKOWITZ LAW GROUP
Attorneys for Creditor/Plaintiff
**/s/ Brandon S. Lefkowitz**
Brandon S. Lefkowitz
ARDC No. 6301839
24100 Southfield Road, Suite 203
Southfield, MI 48075